**HUO JIAN HUANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–3241–ag.

United States Court of Appeals, Second Circuit.

Feb. 28, 2007.

Wendy Tso, New York, New York, for Petitioner.

George E.B. Holding, United States Attorney; Anne M. Hayes, Steve R. Matheny, Assistant United States Attorneys, Raleigh, North Carolina, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Huo Jian Huang, a citizen of the People's Republic of China, seeks review of a June 23, 2006 order of the BIA affirming the March 21, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Huang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huo Jian Huang*, No. A 97 660 605 (B.I.A. June 23, 2006), *aff'g* No. A 97 660 605 (Immig. Ct. N.Y. City Mar. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports material portions of the BIA's and IJ's adverse credibility determinations. The IJ accurately observed an inconsistency between Huang's testimony that his wife had two abortions and his wife's statement that she had three abortions. Likewise, the IJ accurately noted that Huang's testimony that his wife had an IUD inserted in 1991—after which she was not required to have further IUDs—was inconsistent with her statement that she had an IUD inserted in 1994. Further, the IJ accurately observed that Huang omitted any mention of his wife's abortions from his airport statement. The IJ reasonably rejected Huang's explanations for these discrepancies: that the preparer of his wife's asylum application made a mistake; that his wife remembered incorrectly because she was not educated; and that he had been nervous during the airport interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Moreover, the IJ was entitled to rely on Huang's airport statement, which appears reliable under the standards set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2004) (providing factors that the Court generally considers to ensure that an airport interview represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible). Because the above discrepancies involved the crux of Huang's claim that he suffered past persecution under China's coercive family planning policy, they, along with other less central inconsistencies, substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Moreover, the IJ properly found that the absence of corroboration left Huang unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang*, 386 F.3d at 78. Even if the IJ did not address other relevant documents submitted by Huang, she was not required to address specifically each piece of evidence when she gave "reasoned consideration to the petition, and made adequate findings." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Although the IJ's decision was not without error, remand would be futile here because the IJ's adverse credibility determination is supported by non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See id.* at 338–39. Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we deny the petition for review as to Huang's asylum and withholding of removal claims.

Finally, we lack jurisdiction to review the denial of Huang's CAT claim or his due process argument because such claims were not exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. The previously granted stay of removal is VACATED.